```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

IN RE:                              :
                                    : Chapter 11
DELTA FINANCIAL CORPORATION, et     :
al.,                                :
                                    : Case No. 07-11880-CSS
        Debtors.                    :
                                    :
_____:_____
DELTA FINANCIAL CORPORATION,        :
                                    :
        Appellant,                  : Bankr. Adv. Proc. 08-50287-CSS
                                    :
   v.                               : Civil Action No. 09-49-JJF
                                    :
WESTCHESTER SURPLUS LINES           :
INSURANCE COMPANY and UNITED        :
STATES FIRE INSURANCE COMPANY,      :
                                    :
        Appellees.                  :
```

John P. McCahey, Esquire; Mark T. Power, Esquire; and Christina J. Kang, Esquire of HAHN & HESSEN LLP, New York, New York.
John E. James, Esquire; Richard L. Horwitz, Esquire and Gabriel R. MacConaill, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Appellant.

Joseph K. Powers, Esquire; Edward J. Kirk, Esquire and J. Gregory Lahr, Esquire of SEDGWICK, DETERT, MORAN & ARNOLD, LLP, New York, New York.
Carl N. Kunz, III, Esquire of MORRIS JAMES LLP, Wilmington, Delaware.

Attorneys for Appellee, Westchester Surplus Lines Insurance Company.

Joan M. Gilbride, Esquire of KAUFMAN BORGEEST & RYAN, LLP, New York, New York.
Jeffrey C. Wisler, Esquire and Christina M. Thompson, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.

**MEMORANDUM OPINION**

August 4, 2009
Wilmington, Delaware.

*Joseph J. Farnan Jr.*
Farnan, District Judge.

Pending before the Court is an appeal filed by Appellant, Delta Financial Corporation ("Delta Financial"), of the December 15, 2008 Order of the Bankruptcy Court granting the motions for judgment on the pleadings filed by Appellee Westchester Surplus Lines Insurance Company ("Westchester") and United States Fire Insurance Company ("U.S. Fire") and dismissing Delta Financial's Complaint.[1] For the reasons discussed, the Court will affirm the Bankruptcy Court's Order.

## I.  PARTIES' CONTENTIONS

Delta Financial and its directors and officers are insureds under D&O Insurance Policies (the "Policies") issued by Westchester, the primary insurer, and U.S. Fire, the excess insurer (collectively, the "Appellee Insurers"). Delta Financial and its directors and officers were sued in New York state court (the "Underlying Action") by Delta Funding Residual Exchange Co., LLC ("Delta LLC") and Delta Funding Residual Management, Inc. (collectively, the "Underlying Plaintiffs"). The Underlying Plaintiffs alleged, among other things, that Delta Financial breached certain agreements, committed fraud, made negligent

---

[1] Axis Specialty Insurance Company ("Axis"), an excess insurer, was also named as a defendant in this case initially. However, the parties stipulated to the dismissal of Axis. (D.I. 18).

misrepresentations and breached its fiduciary duties in an exchange of securities that resulted in $110 million in damages to Delta LLC and the noteholders.

The Appellee Insurers denied Delta Financial's claim for indemnification in the Underlying Action by reason of an exclusion under the Policies for claims "based upon, arising out of, or attributable to the actual or proposed payment by the Company [Delta Financial] of the allegedly inadequate consideration in connection with the Company's purchase of securities issued by any company" (the "Inadequate Consideration Exclusion"). Delta Financial contends that the Bankruptcy Court erred in concluding that the Inadequate Consideration Exclusion precluded coverage. Specifically, Delta Financial contends that the Bankruptcy Court misapplied New York law in its construction of the Inadequate Consideration Exclusion and erroneously held that allegations that Delta Financial and its officers and directors made misrepresentations in publicly-filed documents as to the valuation of collateral that was exchanged for the notes it secured fell within the Policies' Inadequate Consideration Exclusion. Delta Financial argues that these allegations of misrepresentation do not amount to an "actual payment" by Delta Financial, "inadequate consideration" given by Delta Financial or the "purchase of securities" by Delta Financial, and therefore, the Appellee Insurers were required to indemnify Delta Financial's defense costs. Delta Financial contends that the

Bankruptcy Court failed to construe the Inadequate Consideration Exclusion in a strict and narrow manner, and failed to construe any ambiguities or doubts as to the existence of coverage in favor of the insured as required by New York law.  Delta Financial also contends that the Bankruptcy Court erred in applying the "but for" test under New York law to conclude that the claims in the Underlying Action would not have arisen but for the excluded conduct, and therefore, application of the Inadequate Consideration Exclusion to deny coverage was appropriate.

In response, the Appellee Insurers contend that the Bankruptcy Court properly applied the Inadequate Consideration Exclusion to preclude coverage to Delta Financial and its officers and directors.  The Appellee Insurers contend that the central contention in the Underlying Action was based on the allegation that Delta Financial "wrongfully induced the holders of $153 million in [Delta Financial] senior notes into exchanging those notes for ownership interest in Delta LLC whose assets were supposed to be worth an equivalent amount, but actually were worth considerably less than, what had been represented by [Delta Financial]."  (D.I. 20 at 1).  In this regard, the Appellee Insurers further contend that the driving allegation underlying each cause of action in the Underlying Action was the assertion

"that Delta Financial and its directors and officers promised but failed to transfer a total of $153,000,000 worth of excess cash flow certificates to Delta LLC." (Id. at 2). These cash flow certificates became Delta LLC's main assets and were only worth $40,000,0000. Because these allegations concern Delta Financial's "payment of allegedly inadequate consideration for the purchase of its senior notes," the Appellee Insurers contend that the Bankruptcy Court properly concluded that coverage was precluded under the Policies' Inadequate Consideration Exclusions. The Appellee Insurers also contend that the Bankruptcy Court properly applied the "but for test" to the Inadequate Consideration Exclusion, because application of that test was triggered by the wording of the Exclusion.

## II.   STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions.[2] With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application

---

[2]   See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).

of those precepts to the historical facts.'"[3] The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance.[4]

III. DISCUSSION

The Court has reviewed the decision of the Bankruptcy Court in light of the applicable standard of review and concludes that the Bankruptcy Court's construction and application of the Inadequate Consideration Exclusion was not erroneous and that the Bankruptcy Court properly applied the "but for" test to the Inadequate Consideration Exclusion. The Bankruptcy Court properly identified the controlling legal principles under New York law and applied those principles to the Inadequate Consideration Exclusion and the allegations of the Complaint in the Underlying Action to determine that coverage was properly denied.

In its Reply Brief, Delta Financial brings to the Court's attention a recent decision of the New York Court of Appeals, Pioneer Tower Owners Assoc. v. State Farm Fire & Cas. Co., 908

---

[3] Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).

[4] In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

N.E.2d 875 (N.Y. 2009). The Court has reviewed that decision and finds it to be a restatement and confirmation of the principles applied by the Bankruptcy Court in this case, and therefore, the Court is not persuaded that <u>Pioneer Towers</u> requires reversal of the Bankruptcy Court's decision.

In sum, the Court agrees with and adopts the rationale set forth by the Bankruptcy Court in its comprehensive decision accompanying its December 15, 2008 Order. Accordingly, the Court will affirm the Bankruptcy Court's Order.

**IV. CONCLUSION**

For the reasons discussed, the Court will affirm the December 15, 2008 Order of the Bankruptcy Court.

An appropriate Order will be entered.